

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXRD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 18, 1939

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Mr. Wheat:

Opinion No. O-106
Re: Constable's fees in connec-
tion with highway patrol
arrests.

Your request for an opinion on the following question has
been received by this office.

Where an arrest is made by the Highway Patrol, constable
not being present, anddefendant is convicted, is the constable of that
precinct entitled to collect the fee of $3.00?

In reply to your question, you are respectfully advised
that it is the opinion of this office that the constable is not en-
titled to a fee in such cases.

Article 1065, Code of Criminal Procedure, provides in part
as follows:

"The following fees shall be allowed the sheriff,
or other peace officer performing the same services in
misdemeanor cases, to be taxed against the defendant
on conviction:

"1. For executing each warrant of arrest or
capias, or making arrest without warrant,
two dollars.

"2. For summoning each witness, seventy-five
cents.

"3. For serving any writ not otherwise provided
for, one dollar.

"4. For taking and approving each bond, and re-
turning the same to the courthouse, when neces-
sary, one dollar and fifty cents.

"5. For each commitment or release, one dollar.

"6. Jury fee, in each case where a jury is actually
summoned, one dollar."

We see from this statute that each fee is allowed for a specific service performed. If the Highway Patrol makes the arrest and the constable does not participate in the arrest in any manner, he is not entitled to a fee in the case. The constable is only entitled to fees for services he performs as set out in Article 1065, Code of Criminal Procedure.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman

Claud O. Boothman
Assistant

COB:N

APPROVED

ATTORNEY GENERAL OF TEXAS

O.K.
G.R.L.